**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bayview Loan Servicing, LLC, Respondent,

v.

Scott A. Schledwitz, Roxanne J. Schledwitz a/k/a Roxanne Johnson Schledwitz, Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Taylor, Bean & Whitaker Mortgage Corp., The United States of America, by and through its agency, the Internal Revenue Service, and The South Carolina Department of Revenue, Defendants,

Of whom Scott A. Schledwitz and Roxanne Johnson Schledwitz are the Appellants.

Appellate Case No. 2013-002811

Appeal From Spartanburg County
Gordon G. Cooper, Master-in-Equity

Unpublished Opinion No. 2016-UP-274
Submitted March 1, 2016 – Filed June 8, 2016

**AFFIRMED**

Scott Allan Schledwitz, of Windermere, FL, pro se.

Roxanne Johnson Schledwitz, of Windermere, FL, pro se.

Heidi B. Carey and Damon Christian Wlodarczyk, both of Riley Pope & Laney, LLC, of Columbia, for Respondent.

---

**PER CURIAM:**  Scott and Roxanne Schledwitz appeal the master's order granting foreclosure, arguing the master (1) erred in finding Bayview had standing to foreclose the mortgage, and (2) failing to grant their requests for a jury trial.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

As to issue 1:  *Bank of Am., N.A. v. Draper*, 405 S.C. 214, 219, 746 S.E.2d 478, 480 (Ct. App. 2013) ("When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court under Rule 56, SCRCP . . . ."); *id.* ("In determining whether a genuine issue of fact exists, the evidence and all reasonable inferences drawn from it must be viewed in the light most favorable to the nonmoving party."); Rule 56(c), SCRCP (stating summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law"); *Draper*, 405 S.C. at 219, 746 S.E.2d at 480 ("Standing refers to a party's right to make a legal claim or seek judicial enforcement of a duty or right." (quoting *Powell ex rel. Kelley v. Bank of Am.*, 379 S.C. 437, 444, 665 S.E.2d 237, 241 (Ct. App. 2008))); *id* at 220, 746 S.E.2d at 481 ("Generally, a party must be a real party in interest to the litigation to have standing." (quoting *Hill v. S.C. Dep't of Health & Envtl. Control*, 389 S.C. 1, 22, 698 S.E.2d 612, 623 (2010))); Rule 17(a), SCRCP (stating when an action is brought by a party other than the real party in interest, the action shall not "be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed, after objection, for ratification of commencement of the action by, or joinder of substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest"); *Draper*, 405 S.C. at 220, 746 S.E.2d at 481 ("An assignee stands in the shoes of its

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

assignor."); *id.* at 220-221, 746 S.E.2d at 481 ("A mortgage and a note are separate securities for the same debt, and a mortgagee who has a note and a mortgage to secure a debt has the option to either bring an action on the note or to pursue a foreclosure action." (quoting *U.S. Bank Trust Nat'l Ass'n v. Bell*, 385 S.C. 364, 374 684 S.E.2d 199, 204 (Ct. App. 2009))); *id.* at 221, 746 S.E.2d at 481 ("Generally, the party seeking foreclosure has the burden of establishing the existence of the debt and the mortgagor's default on that debt." (quoting *Bell*, 385 S.C. at 374-75, 684 S.E.2d at 205)); *id.* ("Once the debt and default have been established, the mortgagor has the burden of establishing a defense to foreclosure such as lack of consideration, payment, or accord and satisfaction." (quoting *Bell*, 385 S.C. at 375, 684 S.E.2d at 205)).

As to issue 2: *Carolina First Bank v. BADD, L.L.C.*, 414 S.C. 289, 292, 778 S.E.2d 106, 108 (2015) ("Whether a party is entitled to a jury trial is a question of law, which [an appellate] [c]ourt reviews de novo, owing no deference to the [trial court's] decision."); *id.* at 293, 778 S.E.2d at 108 ("The South Carolina Constitution provides that the right to a jury trial shall be preserved inviolate."); *id.* ("Generally, the relevant question in determining the right to a trial by jury is whether the action is legal or equitable." (quoting *Lester v. Dawson*, 327 S.C. 263, 267, 491 S.E.2d 240, 242 (1997))); *id.* ("Because a foreclosure action is one sounding in equity, a party is not entitled, as a matter of right, to a jury trial."); *Abba Equip., Inc. v. Thomason*, 335 S.C. 477, 486, 517 S.E.2d 235, 240 (Ct. App. 1999) (noting appellant bears the burden of providing an adequate record for this court to conduct a proper review).

**AFFIRMED.**

**HUFF, A.C.J., and SHORT and THOMAS, JJ., concur.**