**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Branch Banking and Trust Company, Respondent,

v.

Elie Abikhaled and Ghazi Abikhaled, Appellants.

Appellate Case No. 2015-000158

---

Appeal From Richland County
Deadra L. Jefferson, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-389
Submitted May 1, 2016 – Filed August 3, 2016

---

**AFFIRMED**

---

Thomas E. Lydon, of McAngus Goudelock & Courie, LLC, of Columbia, for Appellants.

Joseph Kershaw Spong and Paul Hamilton Hoefer, both of Robinson McFadden & Moore, PC, of Columbia, for Respondent.

---

**PER CURIAM:** Elie and Ghazi Abikhaled (Appellants) appeal the circuit court's order granting Branch Banking and Trust Company's (BB&T) motion to strike Appellants' demand for a jury trial. Appellants contend the jury trial waiver clause

found in the guaranty agreements between Appellants and BB&T was unenforceable as to the underlying factual allegations supporting counterclaims pled before the circuit court. Appellants further argue any application of the clause to the allegations would be unconscionable. We find the plain and ordinary meaning of the clause encapsulates the factual allegations asserted by Appellants. *See Carolina First Bank v. BADD, L.L.C.*, 414 S.C. 289, 292, 778 S.E.2d 106, 108 (2015) ("Whether a party is entitled to a jury trial is a question of law, which this [c]ourt reviews de novo . . . ."); *Beach Co. v. Twillman, Ltd.*, 351 S.C. 56, 63-64, 566 S.E.2d 863, 866 (Ct. App. 2002) ("A party may waive the right to a jury trial by contract. Such a waiver must be strictly construed as the right to trial by jury is a substantial right. However, terms in a contract provision must be construed using their plain, ordinary and popular meaning." (citations omitted)). We find the clause was not procured by any absence of meaningful choice, was conspicuously found in the guaranty, and was not unconscionable. *See Simpson v. MSA of Myrtle Beach, Inc.*, 373 S.C. 14, 24-25, 644 S.E.2d 663, 668 (2007) ("In South Carolina, unconscionability is defined as the absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them."); *see also Gladden v. Boykin*, 402 S.C. 140, 146, 739 S.E.2d 882, 885 (2013) (stating a court should examine "whether an important clause was particularly inconspicuous, as if the drafter intended to obscure the term"). Accordingly, we affirm.[1]

**AFFIRMED.**

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.