# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Deutsche Bank National Trust Company, as Trustee for NovaStar Mortgage Funding Trust, Series 2007-1 NovaStar Equity Loan Asset Backed Certificates, Series 2007-1, Respondent/Appellant,

v.

The Estate of Patricia Ann Owens Houck; Tammy M. Bailey; South Carolina Department of Motor Vehicles, Defendants,

Of which the Estate of Patricia Ann Owens Houck and Tammy M. Bailey are the Appellants/Respondents.

Appellate Case No. 2018-000436

———————

Appeal from Lexington County
James O. Spence, Master-in-Equity

———————

Opinion No. 5844
Heard January 12, 2021 – Filed August 11, 2021

———————

## REVERSED AND REMANDED

———————

Andrew Sims Radeker, of Harrison, Radeker & Smith, P.A., of Columbia, for Appellants/Respondents.

George Benjamin Milam and Jonathan Edward Schulz, both of Bradley Arant Boult Cummings, LLP, of Charlotte, North Carolina; Michael Casin Griffin, of Waxaw, North Carolina; and Mary R. Powers, of Brock

& Scott, PLLC, of Columbia, all for
Respondent/Appellant.

———————

**LOCKEMY, C.J.:**  In this foreclosure action, the Estate of Patricia Ann Owens Houck and Tammy M. Bailey (collectively, Mortgagors) appeal the master-in-equity's order granting their motion for partial summary judgment and finding Deutsche Bank National Trust Company, as Trustee for NovaStar Mortgage Funding Trust, Series 2007-1 NovaStar Equity Loan Asset Backed Certificates, Series 2007-1 (Deutsche Bank) liable for failing to record satisfaction of their mortgage pursuant to sections 29-3-310 to -320 of the South Carolina Code (2007).[1]  Mortgagors solely argue the master erred in failing to order Deutsche Bank to pay a penalty under section 29-3-320.  Deutsche Bank cross-appealed, arguing the master erred in granting Mortgagors' motion for partial summary judgment, finding its foreclosure claim was procedurally barred, and finding it was liable for failing to record satisfaction of the mortgage.  In addition, Deutsche Bank argues the master erred by denying its motion for partial summary judgment as to Mortgagors' counterclaim for violation of section 37-10-102 of the South Carolina Code (2015) (the Attorney Preference Statute).[2]  We reverse and remand.

**FACTS/ PROCEDURAL HISTORY**

In 1998, Houck signed a fixed-rate note (the Note) in favor of NovaStar Mortgage, Inc. (NovaStar), promising to pay $60,400 and 9.99% interest per annum in monthly installments.  To secure the Note, Houck executed a mortgage (the

———————

[1] § 29-3-310 (stating that when a holder of record of a mortgage has received "full payment or satisfaction" or a legal tender has been made to him "of his debts, damages, costs, and charges secured by mortgage of real estate," it must enter satisfaction of the mortgage within three months after the mortgagor requests entry of satisfaction); § 29-3-320 (stating a holder who violates section 29-3-310 shall pay the aggrieved person "one-half of the amount of the debt secured by the mortgage, or [$25,000,] . . . whichever is less, plus actual damages, costs, and attorney's fees in the discretion of the court, to be recovered by action in any court of competent jurisdiction within the State").

[2] *See* § 37-10-102(a) (requiring mortgage lenders to "ascertain prior to closing the preference of the borrower as to the legal counsel that is employed to represent the debtor in all matters of the transaction relating to the closing of the transaction").

Mortgage) on real property located at 111 Andrew Court in Gaston (the Property).[3] The Mortgage was later assigned to Deutsche Bank. The Note contained a balloon provision requiring Houck to pay the remaining balance due by the Note's maturity date of July 1, 2013.

On June 27, 2013—days before the Note matured—Mortgagors commenced an action (the 2013 Action) against NovaStar, Deutsche Bank, Ocwen Loan Servicing, LLC (the Loan Servicer), and others.[4] Mortgagors' claims against Deutsche Bank were premised upon violation of the Attorney Preference Statute. They claimed (1) that Deutsche Bank failed to comply with the attorney preference provisions of section 37-10-102 with respect to the closing of the loan subject to this case, (2) that no attorney supervised the closing of the loan, and (3) that the loan was unconscionable and induced by unconscionable conduct. Mortgagors asserted that "[f]or each violation of [section] 37-10-102," they were "entitled to damages, attorney's fees, and penalties as provided in the South Carolina Consumer Protection Code, including all available relief under [section] 37-10-105." In addition, they asserted claims against Deutsche Bank for violation of the South Carolina Unfair Trade Practices Act (the SCUTPA). *See* S.C. Code Ann. §§ 39-5-10 to -730 (1985 & Supp. 2020). These claims were premised on the same alleged violation of the Attorney Preference Statute.

Mortgagors defaulted on the Note before Deutsche Bank filed its answer. In a letter dated August 23, 2013, the Loan Servicer advised Mortgagors of potential solutions to avoid foreclosure. Deutsche Bank answered the complaint on September 26, 2013, and asserted no counterclaims. The 2013 Action proceeded to trial September 15, 2015, and a jury found for the defendants. About a year later in August of 2016, Mortgagors sent a letter by certified mail to Deutsche Bank requesting that it record satisfaction of the Mortgage and included a $40 check to pay the fee for recording the satisfaction document. Deutsche Bank refused and returned the $40 check.

Deutsche Bank brought this action against Mortgagors in October 2016, seeking foreclosure of the Mortgage to satisfy the principal balance of $48,587.09 remaining on the Note. It alleged Mortgagors failed to make any payments on or

---

[3] In its foreclosure action, Deutsche Bank also sought to reform the Mortgage to include the mobile home located on the Property.

[4] According to Mortgagors' complaint, Bailey "became a debtor under the [N]ote through an assumption," but they alleged she "would not have done so if she had been aware of the balloon [provision]."

after July 1, 2013.  Mortgagors asserted defenses of res judicata, laches, unclean hands, waiver, and setoff.  They admitted, however, that the "installments of principal and interest falling due from and after July 1, 2013[,] ha[d] not been paid although demand for payment thereof ha[d] been made."  Mortgagors sought a declaratory judgment that Deutsche Bank held no mortgage on the Property or alternatively that any mortgage it held was unenforceable.  They alleged that Deutsche Bank was liable for failing to enter satisfaction of the Mortgage within three months of Mortgagors' request pursuant to section 29-3-320 and that it violated the Attorney Preference Statute.  Deutsche Bank filed a reply to the counterclaims in which it denied Mortgagors' allegations and alleged Mortgagors' claims under the Attorney Preference Statute were time-barred.

The case was then referred to the master-in-equity, and both parties filed motions for partial summary judgment.  Mortgagors sought summary judgment as to Deutsche Bank's claim for foreclosure, arguing it was procedurally barred by Rule 13(a), SCRCP, and res judicata.  They also sought summary judgment as to their counterclaims for declaratory judgment and violation of section 29-3-320.  Deutsche Bank sought summary judgment as to each of Mortgagors' counterclaims.  The master granted Mortgagors' motion and denied Deutsche Bank's motion.  He ruled the Mortgage was satisfied, instructed Deutsche Bank to record satisfaction pursuant to section 29-3-320 within three months of its order, and determined that if Deutsche Bank complied, Mortgagors would be entitled to no further relief under section 29-3-320.[5]  Mortgagors filed a motion to alter or amend the master's order, which the master denied.  This appeal followed.

**STANDARD OF REVIEW**

Upon review of an order granting summary judgment, our appellate courts "appl[y] the same standard [that] governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when 'there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.'"  *Osborne v. Adams*, 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001) (quoting *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 114-15, 410 S.E.2d 537, 545 (1991)).  "We review questions of law de novo."  *Ziegler v. Dorchester County*, 426 S.C. 615, 619, 828 S.E.2d 218, 220 (2019).

---

[5] The only cause of action effectively remaining after the master's grant of Mortgagors' partial motion for summary judgment was Mortgagors' counterclaim for violation of the Attorney Preference Statute.

**LAW/ANALYSIS**

**I. Mortgagors' Motion for Partial Summary Judgment**

Deutsche Bank argues the master erred by finding its foreclosure claim was a compulsory counterclaim in the 2013 Action and that res judicata precluded it from bringing this action. It asserts the foreclosure claim did not arise from the same transaction or occurrence that gave rise to Mortgagors' claims for violation of the Attorney Preference Statute and the SCUTPA and thus did not logically relate to their claims in the 2013 Action. Deutsche Bank contends that because section 37-10-105 provided several forms of relief, Mortgagors' general request for "all available relief" under section 37-10-105 instead of a specific request for nonenforcement of the agreement was insufficient to satisfy the logical relationship test. We agree.

**A. Compulsory Counterclaim**

"If a compulsory counterclaim is not raised in the first action, a defendant is precluded from asserting the claim in a subsequent action." *Beach Co. v. Twillman, Ltd.*, 351 S.C. 56, 62, 566 S.E.2d 863, 865 (Ct. App. 2002); *see also* Rule 13, SCRCP ("A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, *if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . .*" (emphasis added)). "By definition, a counterclaim is compulsory only if it arises out of the same transaction or occurrence as the opposing party's claim." *First-Citizens Bank & Tr. Co. of S.C. v. Hucks*, 305 S.C. 296, 298, 408 S.E.2d 222, 223 (1991). "Claims that arise out of separate transactions or occurrences than the subject matter of the opposing party's claims are, instead, permissive." *Wachovia Bank, Nat'l Ass'n v. Blackburn*, 407 S.C. 321, 330-31, 755 S.E.2d 437, 442 (2014).

When deciding whether a claim is compulsory under Rule 13(a), SCRCP, South Carolina courts apply the "logical relationship test." *See N.C. Fed. Sav. & Loan Ass'n v. DAV Corp.*, 298 S.C. 514, 518, 381 S.E.2d 903, 905 (1989) (adopting the logical relationship test). In *Carolina First Bank v. BADD, L.L.C.*, our supreme court held a defendant's inclusion of a counterclaim for civil conspiracy in its answer to the bank's foreclosure complaint was permissive when it bore "no logical relationship to either the execution or the enforceability of the guaranty agreements." 414 S.C. 289, 295, 778 S.E.2d 106, 109 (2015). The court clarified that "the civil conspiracy claim presume[d] the enforceability of the guaranty

agreements because the allegations, if true, would not render the guarantees unenforceable." *Id.* at 296, 778 S.E.2d at 109. In *South Carolina Community Bank v. Salon Proz, LLC*, this court found a claim was compulsory in a foreclosure action when, if the allegation were true, "it could affect the loan's enforceability." 420 S.C. 89, 97-98, 800 S.E.2d 488, 492 (Ct. App. 2017).

The Attorney Preference Statute requires mortgage lenders in residential real estate transactions to "ascertain prior to closing the preference of the borrower as to the legal counsel that is employed to represent the debtor in all matters of the transaction relating to the closing of the transaction." § 37-10-102(a). If the lender violates this provision, the borrower has a cause of action to recover actual damages and a right to recover a penalty from the lender "in an amount determined by the court" of no less than $1,500 and no more than $7,500. S.C. Code Ann. § 37-10-105(A) (2015). Additionally, subsection (C) provides,

> (C) If the court finds as a matter of law that the agreement or transaction is unconscionable pursuant to Section 37-5-108[6] at the time it was made, or was induced by unconscionable conduct, the court may . . . :
>
> (1) refuse to enforce the agreement, or a term, or part of the agreement or transaction that the court determines to have been unconscionable at the time it was made;
>
> (2) enforce the remainder of the agreement without the unconscionable term or part, or limit the application of the unconscionable term or part to avoid an unconscionable result;
>
> (3) rewrite or modify the agreement to eliminate an unconscionable term, part, or result and enforce the new agreement; or
>
> (4) award:

---

[6] S.C. Code Ann. § 37-5-108 (2015) (listing factors for courts to consider when deciding whether an agreement or transaction is unconscionable or induced by unconscionable conduct).

(a) not more than the total amount of the loan
finance charge and allow repayment of the unpaid
balance of the loan without any finance charge;

(b) not more than double the amount of the excess
loan finance charge or other charges or fees
actually received by the creditor or paid by the
debtor to a third party; and

(c) attorney's fees and costs.

An action pursuant to this subsection may not be brought
after the original scheduled maturity date of the debt.

S.C. Code Ann. § 37-10-105(C) (2015).

Applying the logical relationship test, we find the foreclosure claim did not arise out of the same transaction or occurrence that was the subject matter of the 2013 Action.  The occurrence that gave rise to Deutsche Bank's inclusion in Mortgagors' complaint in the 2013 Action was the execution of the loan documents and the closing of the Mortgage.  The occurrence that gave rise to Deutsche Bank's foreclosure action was Mortgagors' default on the Note.  We acknowledge *DAV Corp.*; *BADD, L.L.C.*; and *Salon Proz, LLC* all held that a claim is compulsory in a foreclosure action when, if the allegation were true, it could affect the enforceability of the loan.[7]  However, this case differs from the foregoing cases because here the prior action was not a foreclosure action.  Rather, Mortgagors' claims against Deutsche Bank in the 2013 Action were for violation of the Attorney Preference Statute and the SCUTPA.  Thus, the question is whether a counterclaim for foreclosure in the 2013 Action would have affected Mortgagors' claims under the Attorney Preference Statute and the SCUTPA.  Deutsche Bank's foreclosure claim was not a defense to Mortgagors' allegations in the 2013 Action, and had Deutsche Bank raised the foreclosure claim in the 2013 Action, it would not have affected Mortgagors' allegations pertaining to the violation of the Attorney Preference Statute.  *See U.S. Bank Tr. Nat. Ass'n v. Bell*, 385 S.C. 364, 374-75, 684 S.E.2d 199, 205 (Ct. App. 2009) ("Generally, the party seeking foreclosure has the burden of establishing the existence of the debt and the mortgagor's default on that debt.  Once the debt and default have been established,

_____

[7] *See DAV Corp.*, 298 S.C. at 518, 381 S.E.2d at 905; *BADD, L.L.C.*, 414 S.C. at 296, 778 S.E.2d at 109; *Salon Proz, LLC*, 420 S.C. at 97-98, 800 S.E.2d at 492.

the mortgagor has the burden of establishing a defense to foreclosure such as lack of consideration, payment, or accord and satisfaction." (footnote omitted)). We therefore conclude that although Deutsche Bank could have asserted a counterclaim for foreclosure in the 2013 Action, such claim was permissive—not compulsory.

Further, although Mortgagors claimed they were not aware of the Note's balloon provision, they did not specifically request a determination that the Mortgage or the underlying obligation to repay the loan was unenforceable. Rather, they sought damages, attorney's fees, and in general terms, "penalties as provided in the South Carolina Consumer Protection Code, including all available relief" under section 37-10-105. Had the court in the 2013 Action determined that the balloon provision was unconscionable or induced by unconscionable conduct, it could have declared the entire agreement unenforceable, but such remedy was neither required nor specifically requested. *See* § 37-10-105(A), (C). The court could have instead refused to enforce only that particular term of the agreement or simply chosen to award monetary relief. *See id.*

For the foregoing reasons, we find Deutsche Bank's claim for foreclosure did not arise out of the same transaction or occurrence as the 2013 Action and was therefore not a compulsory counterclaim. Accordingly, we find the master erred by finding Deutsche Bank was precluded from bringing this foreclosure action, and we reverse the grant of summary judgment.

## B. Res Judicata

Because we find Deutsche Bank's claim for foreclosure did not arise out of the same transaction or occurrence that was the subject of the 2013 Action, we find res judicata likewise did not bar Deutsche Bank from bringing this foreclosure action. *See Sub-Zero Freezer Co. v. R.J. Clarkson Co.*, 308 S.C. 188, 190, 417 S.E.2d 569, 571 (1992) ("Res judicata bars subsequent suit by the same parties on the same issues."); *id.* at 190-91, 417 S.E.2d at 571 ("[It] also bars subsequent suit by the same parties when the claims arise out of the same transaction or occurrence that is the subject of the prior suit between those parties."); *Riedman Corp. v. Greenville Steel Structures, Inc.*, 308 S.C. 467, 469, 419 S.E.2d 217, 218 (1992) (stating res judicata requires three elements: "(1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit").

## II. Remaining Issues

Mortgagors argue the master erred in failing to penalize Deutsche Bank for refusing to record satisfaction. Deutsche Bank argues the master erred in concluding the preclusive effect of the 2013 Action resulted in satisfaction of the Mortgage. Our reversal of the master's grant of summary judgment is dispositive of these issues; thus, we need not address them further. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding when the appellate court's disposition of a prior issue is dispositive, it need not address remaining issues).

Finally, as to Deutsch Bank's argument the master erred in denying its motion for summary judgment, we find this issue is not appealable. *See Olson v. Faculty House of Carolina, Inc.*, 354 S.C. 161, 168, 580 S.E.2d 440, 444 (2003) (holding "the denial of summary judgment is not appealable, even after final judgment"); *Coastal Fed. Credit Union v. Brown*, 417 S.C. 544, 553, 790 S.E.2d 417, 422 (Ct. App. 2016) (finding the denial of summary judgment was not appealable even when accompanied by an appealable grant of summary judgment).

## CONCLUSION

For the foregoing reasons, we reverse the grant of summary judgment in favor of Mortgagors and remand to the master for further proceedings. We find the denial of Deutsche Bank's motion for summary judgment is not appealable.

**REVERSED AND REMANDED.**

**KONDUROS and MCDONALD, JJ., concur.**