**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Bennett Schwiers, Respondent,

v.

Gene Baxley Schwiers, Appellant.

Appellate Case No. 2020-000023

———————

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-295
Submitted June 1, 2022 – Filed July 13, 2022

———————

**REVERSED AND REMANDED**

———————

Burl Franklin Williams, of Burl F. Williams, P.A., of
Greenville, for Appellant.

James H. Cassidy, of Roe Cassidy Coates & Price, PA, of
Greenville; Ella McKenzie Sims Barbery, of Shelly
Leeke Law Firm, LLC, of North Charleston; and
Christian Hill Thorndike, of Townes B. Johnson III,
LLC, of Greenville, all for Respondent.

———————

**PER CURIAM:** Gene Baxley Schwiers (Gene) appeals from the circuit court's
order referring a foreclosure action and her counterclaims to a master-in-equity.

On appeal, Gene argues her counterclaims for breach of contract and intentional infliction of emotional distress (IIED) were legal and compulsory and the circuit court erred in referring them to the master. We reverse and remand.

Gene alleges James Bennett Schwiers forgave the 2005 promissory note, which underlies this foreclosure action, in a 2006 agreement. This allegation, if true, would impact the enforceability of the 2005 promissory note. Thus, we find Gene was entitled to a jury trial on her breach of contract counterclaim because it was legal and compulsory, and the circuit court erred by referring the counterclaim to the master.[1] *See Carolina First Bank v. BADD, L.L.C.*, 414 S.C. 289, 292, 778 S.E.2d 106, 108 (2015) (holding that "[w]hether a party is entitled to a jury trial is a question of law" which an appellate court reviews de novo); *id.* at 295, 778 S.E.2d at 109 (determining a party "is entitled to a jury trial on h[er] counterclaims in an equitable action only if the counterclaims are legal and compulsory"); *id.* ("A counterclaim is compulsory if it arises out of the same transaction or occurrence as the party's claim. In a foreclosure action, a counterclaim arises out of the same transaction or occurrence and is thus compulsory, when there is a 'logical relationship' between the counterclaim and the enforceability of the guaranty agreement." (citation omitted)); *S.C. Cmty. Bank v. Salon Proz, LLC*, 420 S.C. 89, 97, 800 S.E.2d 488, 492 (Ct. App. 2017) (determining a defendant's counterclaims in a foreclosure action were compulsory because if the defendant's allegation that the mortgagee "engaged in a pattern of reneging upon promises to modify or otherwise restructure loans . . . [w]ere . . . true, it could affect the loan's enforceability").[2]

**REVERSED AND REMANDED.**[3]

---

[1] Further, although James argues Gene's counterclaims are equitable in nature because she seeks specific performance of the 2006 agreement, we note that in her answer, Gene sought monetary damages as her requested remedy for her breach of contract counterclaim. *See McCall v. IKON*, 380 S.C. 649, 658, 670 S.E.2d 695, 700 (Ct. App. 2008) ("An action for breach of contract seeking money damages is an action at law.").

[2] Because Gene's breach of contract counterclaim is dispositive of the appeal, we need not address her IIED counterclaim. *See Futch v. McAllister Towing of Georgetown*, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**