**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wilmington Savings Fund Society FSB, not in its individual capacity, but solely as owner trustee for CSMC 2018-RPL6 Trust, Respondent,

v.

Rex A. Field, Tracy L. Field, Dulamo Estates Homeowners' Association, Inc., Defendants,

of whom Rex A. Field and Tracy L. Field are the Appellants.

Appellate Case No. 2021-000504

———————

Appeal From Beaufort County
Bentley Price, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-239
Submitted June 5, 2023 – Filed June 14, 2023

———————

**AFFIRMED**

———————

J. Cameron Halford, of J. Cameron Halford, LLC, of Lake Wylie, for Appellants.

George Benjamin Milam and Jonathan Edward Schulz, both of Bradley Arant Boult Cummings, LLP, of Charlotte, North Carolina; and James Martin Page, of

Bell Carrington Price & Gregg, LLC, of Columbia, all for Respondent.

---

**PER CURIAM:** Rex A. Field and Tracy L. Field appeal an order from the circuit court striking their demand for a jury trial, which the Fields contend was error. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err by striking the Fields' demand for a jury trial because it correctly determined the Fields' counterclaims were permissive rather than compulsory. *See Carolina First Bank v. BADD, L.L.C.*, 414 S.C. 289, 292, 778 S.E.2d 106, 108 (2015) (holding that "[w]hether a party is entitled to a jury trial is a question of law" which an appellate court reviews de novo); *id.* at 295, 778 S.E.2d at 109 (determining a party "is entitled to a jury trial on h[er] counterclaims in an equitable action only if the counterclaims are legal and compulsory"); *Wachovia Bank, Nat. Ass'n v. Blackburn*, 407 S.C. 321, 330, 755 S.E.2d 437, 441 (2014) ("If the complaint is equitable and the counterclaim is legal and permissive, the defendant waives his right to a jury trial."); *Carolina First Bank*, 414 S.C. at 295, 778 S.E.2d at 109 ("A counterclaim is compulsory if it arises out of the same transaction or occurrence as the party's claim. In a foreclosure action, a counterclaim arises out of the same transaction or occurrence and is thus compulsory, when there is a 'logical relationship' between the counterclaim and the enforceability of the guaranty agreement." (citation omitted)).[1]

---

[1] To the extent the Fields argue the circuit court improperly ruled on the Trustee's motion to strike their jury demand because they had not received proper notice of the hearing, we find this issue is not preserved for appellate review because it was not raised to and ruled on by the circuit court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."). The record reflects the Fields objected to the lack of notice with regards to an unrelated motion but specifically acknowledged in a scheduling email with the court that the motion to strike was "ripe for consideration" at the hearing. Further, to the extent the Fields contend the court improperly inferred or presumed the Fields had waived their jury demand or that the circuit court prematurely struck their jury demand because discovery had not yet been completed, we hold these arguments are not preserved for appellate review because they were not raised to and ruled on by the circuit court. *See id.* ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must

**AFFIRMED.**[2]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.