**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Wilmington Savings Fund Society, FSB, solely as trustee
for Invictus Residential Pooler Trust 2A, and not in its
individual capacity, Respondent,

v.

Alice Swope Thompson, Appellant.

Appellate Case No. 2022-001051

———————

Appeal From Charleston County
Clifton Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2024-UP-380
Submitted October 1, 2024 – Filed November 6, 2024

———————

**AFFIRMED**

———————

William Koatesworth Swope, of The Swope Law Firm,
PA, of Charleston, for Appellant.

Peter M. Balthazor and Stephanie M. Huggins, both of
Riley Pope & Laney, LLC, and Jason Mark Hunter, of
Crawford & von Keller, LLC, all of Columbia, for
Respondent.

———————

**PER CURIAM:**  Alice Swope Thompson appeals a circuit court's order granting Wilmington Savings Fund Society's (Wilmington) motion to strike Thompson's jury trial demand, arguing the circuit court erred because her counterclaim was legal and compulsory, entitling her to a jury trial.  We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err when it granted Wilmington's motion to strike Thompson's jury trial demand because Thompson's counterclaim was permissive.  *See Carolina First Bank v. BADD, LLC*, 414 S.C. 289, 292, 778 S.E.2d 106, 108 (2015) ("Whether a party is entitled to a jury trial is a question of law, which [an appellate court] reviews de novo . . . ."), *abrogated on other grounds by Deutsche Bank Nat'l Tr. Co. as Tr. for NovaStar Mortg. Funding Tr., Series 2007-1 NovaStar Equity Loan Asset Backed Certificates, Series 2007-1 v. Est. of Houck*, 440 S.C. 409, 412-13, 892 S.E.2d 280, 281-82 (2023); *S.C. Cmty. Bank v. Salon Proz, LLC*, 420 S.C. 89, 96, 800 S.E.2d 488, 491-92 (Ct. App. 2017) ("Because a foreclosure action is one sounding in equity, a party is not entitled, as a matter of right, to a jury trial."), *abrogated on other grounds by Deutsche Bank*, 440 S.C. at 412-13, 892 S.E.2d at 281-82.  Wilmington conceded Thompson's trespass counterclaim was legal.  *See Carolina First Bank*, 414 S.C. at 295, 778 S.E.2d at 109 (stating a defendant "is entitled to a jury trial on his counterclaims in an equitable action only if the counterclaims are legal and compulsory").  Thompson's counterclaim did not arise out of the same transaction or occurrence as Wilmington's foreclosure action because a logical relationship did not exist between the two claims.[1]  *See id.* ("A counterclaim is compulsory if it arises out of the same transaction or occurrence as the [plaintiff]'s claim."); *id.* ("In a foreclosure action, a counterclaim arises out of the same transaction or occurrence . . . , when there is a 'logical relationship' between the counterclaim and the enforceability of the [promissory note and mortgage].").  Thompson's success on a trespass claim would not have affected Wilmington's right to enforce the promissory note and foreclose the mortgage.  *See Wachovia Bank, Nat. Ass'n v. Blackburn*, 407 S.C.

---

[1] Our supreme court prospectively abolished the logical relationship test on August 9, 2023, explaining that "in cases commenced on or after the effective date of this opinion, the question of whether a counterclaim is compulsory is governed by the plain language of Rule 13(a) [of the South Carolina Rules of Civil Procedure]." *Deutsche Bank*, 440 S.C. at 412-13, 892 S.E.2d at 281-82.  Wilmington commenced this action on July 6, 2021; therefore, the logical relationship test applies to determine whether Thompson's trespass counterclaim arose out of the same transaction or occurrence as Wilmington's foreclosure action.

321, 330 n.7, 755 S.E.2d 437, 442 n.7 (2014) ("If the defendant's prevailing on his counterclaim would affect the bank's right to enforce the note and foreclose the mortgage, there is a logical relationship between the counterclaim and the underlying suit, and the counterclaim is therefore compulsory."), *abrogated by Deutsche Bank*, 440 S.C. at 412-13, 892 S.E.2d at 281-82.  In addition, although Thompson argues on appeal that her counterclaim is a breach of contract action, she pled it as a trespass counterclaim in her answer.  *See Postal v. Mann*, 308 S.C. 385, 387, 418 S.E.2d 322, 323 (Ct. App. 1992) ("[P]arties are judicially bound by their pleadings unless withdrawn, altered[,] or stricken by amendment or otherwise."); *id.* ("The allegations . . . contained in a pleading are conclusive as against the pleader and a party cannot subsequently take a position contradictory of, or inconsistent with, his pleadings . . . .").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.