800 S.E.2d 488

**SOUTH CAROLINA COMMUNITY BANK, Respondent,**

v.

**SALON PROZ, LLC, Columbia Empowerment Zone, Inc. d/b/a The Columbia Empowerment Zone and Frank Mitchell, Defendants,**

**Of Which Salon Proz, LLC is the Appellant.**

**Appellate Case No. 2014-002627**
**Opinion No. 5481**

Court of Appeals of South Carolina.

Heard October 13, 2016
Filed April 26, 2017

Andrew Sims Radeker, of Harrison & Radeker, PA, of Columbia, for Appellant.

S. Nelson Weston, Jr., Charles Joseph Webb, and Carmen Vaughn Ganjehsani, all of Richardson Plowden & Robinson, PA, of Columbia, for Respondent.

MCDONALD, J.:

Salon Proz, LLC (Salon), appeals the master-in-equity's order denying Salon's motion to transfer the case to the general jury docket. Salon argues (1) it did not waive its jury trial demand, (2) the clerk of court lacked the authority to refer the case, (3) if the clerk had the authority to refer the case, the clerk erred in doing so, and (4) a return to the jury docket is required because Salon's amended answer demands a jury trial and creates new issues of fact. We reverse and remand.

## FACTS/PROCEDURAL HISTORY

On October 26, 2011, South Carolina Community Bank (Bank) filed a foreclosure complaint against Salon for defaulting on an $883,634.04 note and mortgage. On November 23, 2011, Salon answered, raising several counterclaims and demanding a jury trial. In January 2012, Bank filed a Rule 12(b)(6) motion to dismiss Salon's counterclaims; on February 13, 2012, Bank moved to refer the case to the master pursuant to Rule 53, SCRCP. That same day, the clerk of court signed and filed an order of reference authorizing the master to take testimony, determine the issues involved, report findings of fact and conclusions of law to the circuit court, and "enter final judgment."[1] The order of reference was not appealed.

In August 2012, Salon obtained new counsel and filed a motion to transfer the case back to the general jury docket. At a hearing on this motion, Salon argued it did not waive its right to a jury trial by failing to appeal the order of reference because nothing in the record showed Salon's prior counsel

1. The date stamp on the motion to refer the case is 4:15 p.m.; the clerk stamped the order of reference at 4:16 p.m.

ever received the order or any notice of its filing. Bank countered that the court would have mailed the order to Salon's counsel, who neither objected to the order nor appealed from it. On June 21, 2013, the master denied the motion to transfer the case back to the general docket without explanation.[2] Salon filed a motion to reconsider, but after a hearing, the master denied the motion as it related to the transfer.

## STANDARD OF REVIEW

"A mortgage foreclosure is an action in equity." *Wachovia Bank, Nat. Ass'n v. Blackburn*, 407 S.C. 321, 328, 755 S.E.2d 437, 440 (2014) (quoting *Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 248, 489 S.E.2d 472, 475 (1997)). "In an appeal from an action in equity tried by a judge, appellate courts may find facts in accordance with their own views of the preponderance of the evidence." *Id.* at 328, 755 S.E.2d at 441. "However, '[w]hether a party is entitled to a jury trial is a question of law.'" *Id.* (alteration by court) (quoting *Verenes v. Alvanos*, 387 S.C. 11, 15, 690 S.E.2d 771, 772 (2010)). "Appellate courts may decide questions of law with no particular deference to the circuit court's findings." *Id.*; *see Snow v. Smith*, 416 S.C. 72, 85, 784 S.E.2d 242, 248 (Ct. App. 2016) ("[A] reviewing court is free to decide questions of law with no particular deference to the [master].").

## LAW/ANALYSIS

### A. Waiver of Jury Demand

Salon asserts it did not waive its right to a jury trial by failing to appeal the order of reference because nothing in the record demonstrates its former attorney ever received notice of the order's entry or Salon otherwise voluntarily relinquished the right to a jury trial. We agree.

"Orders affecting the mode of trial affect substantial rights under S.C. Code Ann. § 14-3-330(2) (1977) and must, therefore, be appealed immediately." *First Union Nat. Bank of S.C. v. Soden*, 333 S.C. 554, 565, 511 S.E.2d 372, 377 (Ct. App. 1998). "The failure to immediately appeal an order affecting the mode of trial effects a waiver of the right to

---

2. Separately, the master allowed the parties to amend their pleadings. Salon's amended answer revised several of its counterclaims.

appeal that issue." *Id.* However, "[t]he right of trial by jury is highly favored, and waivers of the right are always strictly construed and not lightly inferred or extended by implication." *Keels v. Pierce*, 315 S.C. 339, 342, 433 S.E.2d 902, 904 (Ct. App. 1993). "In the absence of an express agreement or consent, a waiver of the right to a jury trial will not be presumed." *Id.*

The record contains no dispositive evidence addressing the question of whether Salon or its former counsel received notice of the entry of the order of reference. The only suggestion that Salon's former attorney *did* receive notice of the order was a statement made during the reconsideration hearing by a separate defendant's attorney that "[t]o the order of reference, it was referred. I do have a copy of it, and it was served on [former counsel]." However, no documentation of this alleged service appears in the record, and the attorney who made this statement did not explain the basis for her knowledge.[3] Under these circumstances, and given the important right involved here, we find no waiver of the right to a jury trial occurred following the proper jury demand. *See Keels*, 315 S.C. at 342, 433 S.E.2d at 904 ("In the absence of an express agreement or consent, a waiver of the right to a jury trial will not be presumed."). We decline to presume a waiver occurred when any evidence supporting such is sparse and ambiguous.

### B. Clerk's Authority to Refer

■ Next, Salon argues the clerk lacked the authority to refer the case. We agree. Rule 53(b), SCRCP, states in relevant part,

> In an action where the parties consent, in a default case, or an action for foreclosure, some or all of the causes of action in a case may be referred to a master or special referee by

---

3. Neither this attorney nor her client are listed on the certificate of service that appears to accompany the motion to refer, and the certificate of service in the record simply references "the foregoing Motion." The record contains no proof of service as to the proposed order referring the case. Although the certificate of service was signed January 25, 2012, the motion, motion slip, and certificate of service are date-stamped February 13, 2012, and February 17, 2012. The record does not reflect the reason for the two date stamps on these documents.

order of a circuit judge or the clerk of court. In all other actions, the circuit court may, upon application of any party or upon its own motion, direct a reference of some or all of the causes of action in a case. Any party may request a jury pursuant to Rule 38 on any or all issues triable of right by a jury and, upon the filing of a jury demand, the matter shall be returned to the circuit court.

Rule 38(b), SCRCP, states,

Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be endorsed upon a pleading of the party.

Rule 39(a), SCRCP, provides,

When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the calendar and the clerk's filebook as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or its own initiative finds that a right of trial by jury of some or all of those issues does not exist.

It is undisputed that Salon made a valid jury demand in its answer. *See* Rule 38(b), SCRCP (stating a party may serve a jury demand "not later than 10 days after the service of the last pleading" or the demand "may be endorsed upon a pleading of [a] party"). Because of Salon's valid jury demand, Rule 39 provides the action should have been designated as a jury action in the clerk's filebook unless the parties consented otherwise or the court found the right to a jury trial did not exist.

 Despite the lack of consent, a court finding, or a hearing on the matter, the clerk signed Bank's proposed order referring the case. Admittedly, Rule 53(b) states that in a foreclosure action "some or all of the causes of action in a case may be referred to a master ... by order of ... the clerk of court." However, the clerk does not retain this power to refer

a case when a party has already made a valid jury demand. To hold otherwise would give the clerk the power to disregard a demand made in the pleadings and require a party seeking a jury trial to file a second jury demand once the party's case was referred without the party's consent.[4] Such an interpretation is nonsensical. Because Salon demanded a jury trial in its initial answer, the clerk should not have referred the case, and the master erred in denying Salon's motion to transfer the case to the jury docket.

## C. Salon's Counterclaims

 "Generally, the relevant question in determining the right to trial by jury is whether an action is legal or equitable...." *Lester v. Dawson*, 327 S.C. 263, 267, 491 S.E.2d 240, 242 (1997). Because a foreclosure action is one sounding in equity, a party is not entitled, as a matter of right, to a jury trial. *Wachovia Bank, Nat'l Ass'n v. Blackburn*, 407 S.C. 321, 328, 755 S.E.2d 437, 441 (2014). Salon is entitled to a jury trial in this equitable action "only if the counterclaims are legal and compulsory." *Carolina First Bank v. BADD, L.L.C.*, 414 S.C. 289, 295, 778 S.E.2d 106, 109 (2015). "A counterclaim is compulsory if it arises out of the same transaction or occurrence as the party's claim." *Id.* (citing Rule 13(a), SCRCP). Salon asserts its amended counterclaims meet the restrictions enunciated in *BADD* because they bear a logical relation to the foreclosure claim and arise out of the origination and administration of the subject mortgage loan.

In *BADD*, a bank sought foreclosure after a company defaulted on two promissory notes. *Id.* at 291, 778 S.E.2d at 107. The bank also sued William McKown, who had executed a personal guaranty. *Id.* McKown demanded a jury trial and asserted counterclaims for civil conspiracy and breach of contract. *Id.* at 291–92, 778 S.E.2d at 107. However, the supreme court held McKown waived his right to a jury trial

---

4. A note to Rule 53(b) explains that after the rule's 2002 amendment, the rule "permits referral of foreclosure cases to the [master] by order of the clerk of court. If there are counterclaims requiring a jury trial, any party may file a demand for a jury under Rule 38 and the case will be returned to the circuit court." Based on this note, Rule 53(b) gives clerks the power to refer some or all causes of action in a foreclosure case when a party *has not yet made* a jury demand under Rule 38.

because his counterclaims were permissive. *Id.* at 292, 778 S.E.2d at 107. The supreme court stated, "In a foreclosure action, a counterclaim arises out of the same transaction or occurrence and is thus compulsory, when there is a 'logical relationship' between the counterclaim and the enforceability of the guaranty agreement." *Id.* at 295, 778 S.E.2d at 109. The court held the execution of the guaranty agreements was the "transaction or occurrence" and "McKown's civil conspiracy counterclaim [did] not arise out of that transaction or occurrence because it [bore] no logical relationship to either the execution or enforceability of the guaranty agreements." *Id.* Specifically, the alleged conspiracy took place two years after McKown executed the guaranty documents and, in effect, the counterclaim "presume[d] the enforceability of the guaranty agreements because the allegations, if true, would not render the guarantees unenforceable." *Id.* at 295–96, 778 S.E.2d at 109. Likewise, the court held the breach of contract counterclaim was permissive because it depended on the alleged conspiracy "that took place, if at all, two years after the guarantees had been executed." *Id.* at 296, 778 S.E.2d at 110.

■■■■ Here, Salon's amended answer raises six counterclaims: violation of the Unfair Trade Practices Act (UTPA), breach of contract and the covenant of good faith and fair dealing, breach of contract with fraudulent intent, slander of title, libel, and negligent misrepresentation. As at least one of Salon's counterclaims is legal and compulsory, Salon is entitled to a jury trial. *See Blackburn*, 407 S.C. at 330, 755 S.E.2d at 441–42 (stating when a complaint is equitable, no waiver exists, and there is a legal and compulsory counterclaim, then a party has a right to a jury trial on the counterclaim). For example, the UTPA claim is an action at law seeking treble damages. The substance of Salon's UTPA claim alleges Bank "engaged in a pattern of reneging upon promises to modify or otherwise restructure loans, including, but [not] limited to, the loan subject of this case." Were this allegation true, it could affect the loan's enforceability. *Cf. BADD*, 414 S.C. at 296, 778 S.E.2d at 109 (holding a counterclaim was permissive when its allegations, if true, would not have rendered the guaranty agreements unenforceable). Therefore, we find the UTPA claim was both legal and compulsory. *See N.C. Fed. Sav. & Loan Ass'n v. DAV Corp.*, 298 S.C. 514, 518–19, 381 S.E.2d

903, 904–05 (1989) (holding a counterclaim alleging violation of the UTPA by breach of an oral agreement was both legal and compulsory).

Accordingly, we reverse and remand with instructions that the case be returned to the jury docket for further proceedings, including a hearing before the circuit court to determine the nature of any remaining counterclaims and any request for an order of reference as to equitable matters. *See Blackburn*, 407 S.C. at 329, 755 S.E.2d at 441 (stating when a party has a right to a jury trial on a counterclaim, the trial judge may order separate trials of the legal and equitable claims or may order the claims tried in a single proceeding).

**REVERSED AND REMANDED.**

LOCKEMY, C.J., and KONDUROS, J., concur.