**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The Homestead Property Owners Association, Inc.,
Respondent,

v.

Wanda J. Miller and Orlando F. Miller, Appellants.

Appellate Case No. 2018-001577

———————

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

———————

Unpublished Opinion No. 2021-UP-124
Heard March 4, 2021 – Filed April 21, 2021

———————

**VACATED AND REMANDED**

———————

Andrew Sims Radeker, of Harrison, Radeker & Smith, P.A., of Columbia, for Appellants.

Heath McAlvin Stewart, III, and George C. James, III, both of McAngus Goudelock & Courie, LLC, and Stephanie Trotter Kellahan, of McCabe, Trotter & Beverly, P.C., all of Columbia, for Respondent.

———————

**PER CURIAM:** In this homeowner's association foreclosure action, Wanda and

Orlando Miller (the Millers) appeal the grant of the Homestead Property Owners Association's (the HOA's) motion for summary judgment on their counterclaims for abuse of process and breach of contract. The Millers assert the Master-in-Equity erred in: 1) denying the Millers' motion to transfer the case to the circuit court; 2) prematurely finding there was no dispute of material fact when discovery in the case was just beginning; and 3) rejecting the Millers' argument that in South Carolina, HOAs do not have the power to foreclose on a home. We vacate the Master's order granting summary judgment to the HOA on the Millers' counterclaims and remand the case to the circuit court for disposition.

Initially, we note in South Carolina, HOAs have the power to create and enforce equitable liens against property subject to their covenants; however, "A foreclosure proceeding is a solemn judicial proceeding" and "a last resort, not a business model to be swiftly invoked for the purpose of exploiting property owners." *Winrose Homeowners' Ass'n v. Hale*, 428 S.C. 563, 573–74, 837 S.E.2d 47, 52–53 (2019). Our courts do not "countenance the improper use of foreclosure proceedings" to "capitalize on a small debt" for homeowners "minimally in arrears." *Id*.

The Millers own a home in the Homestead Subdivision of Richland County, which they purchased in 2007 for $234,237.50. Their home is subject to restrictive covenants, which give the HOA the right to place a lien and foreclose on a home if the annual assessment is not paid within thirty days after its due date. After failing to pay yearly assessments of $180.00 to the HOA, the HOA filed a lien on the Miller's property. Over a year later, the HOA filed a suit seeking foreclosure of the lien. The Millers offered the HOA payment of their principal debt of less than $800.00, as well as several payment plans for the remainder of the debt; however, the Millers failed to answer, move, or otherwise make a timely appearance in the foreclosure action. The HOA did not accept any offers of payment, filed an affidavit of default in the foreclosure action, and the clerk of court entered an order referring the foreclosure action to the Master pursuant to Rule 53(b), SCRCP.

The Millers filed a motion for relief from default under Rules 55 and 60, SCRCP. A hearing was held on the motion, and during the hearing, it is undisputed the Master gave the Millers leave to file an answer. The Millers filed an answer, asserting counterclaims for abuse of process and breach of contract and demanding a jury trial. The HOA filed a reply to the Millers' answer and counterclaims, as well as a motion for summary judgment on the counterclaims and the foreclosure action. The Millers filed a motion to transfer the case to the circuit court pursuant to Rule 53(b), SCRCP.

After a hearing, the Master issued an order: 1) denying the Millers' motion to transfer the case to the circuit court; 2) granting summary judgment to the HOA on the

Millers' legal counterclaims for abuse of process and breach of contract; and 3) denying the HOA's summary judgment motion on the foreclosure action.

We hold the Master improperly denied the Millers' motion to transfer the case to the circuit court. *See* Rule 53(b), SCRCP ("Any party may request a jury pursuant to Rule 38[, SCRCP,] on any or all issues triable of right by a jury and, *upon the filing of a jury demand*, the matter *shall be* returned to the circuit court." (emphases added)); *Stark Truss Co. v. Superior Constr. Corp.*, 360 S.C. 503, 508, 602 S.E.2d 99, 102 (Ct. App. 2004) ("[T]he words of [the rule] must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the rule." (second alteration in original) (quoting *Green v. Lewis Truck Lines, Inc.*, 314 S.C. 303, 304, 443 S.E.2d 906, 907 (1994) (per curiam))). The Millers' claims for abuse of process and breach of contract are legal claims, and the Millers made a valid jury trial demand under Rule 38, SCRCP. *S.C. Cmty. Bank v. Salon Proz, LLC*, 420 S.C. 89, 96, 800 S.E.2d 488, 492 (Ct. App. 2017) (holding a party is entitled to a jury trial in an equitable action when the counterclaims are legal and compulsory); Rule 13(a), SCRCP (stating a counterclaim is compulsory if it arises out of the same transaction or occurrences as the party's claim). Accordingly, under Rule 53(b), SCRCP, the action must be returned to the circuit court for disposition of the legal claims. We vacate the Master's August 13, 2018 summary judgment order and remand the case to the circuit court for disposition of the legal claims.

**VACATED AND REMANDED.**

**WILLIAMS, THOMAS, and HILL, JJ., concur.**