**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nationstar Mortgage LLC, Respondent,

v.

Barbara A. Gibbs, Melvin E. Gibbs, and Westbrook Phase IV Homeowner's Association, Defendants,

Of whom Barbara A. Gibbs and Melvin E. Gibbs are the Appellants.

Appellate Case No. 2019-000486

———————————

Appeal From Florence County
Michael G. Nettles, Circuit Court Judge

———————————

Unpublished Opinion No. 2022-UP-360
Submitted June 1, 2022 – Filed September 21, 2022

———————————

**AFFIRMED**

———————————

Barbara A. Gibbs and Melvin E. Gibbs, pro se.

H. Guyton Murrell, of Scott and Corley, P.A., of Columbia, and Thomas R. McPherson, III, of McGuireWoods LLP, of Charlotte, NC, for Nationstar Mortgage, LLC.

———————————

**PER CURIAM:** In this foreclosure action, Barbara A. Gibbs and Melvin E. Gibbs (Homeowners) appeal an order granting summary judgment to Nationstar Mortgage, LLC,[1] arguing the circuit court erred in (1) denying their motion to dismiss, (2) granting summary judgment although discovery was not completed, and (3) exercising jurisdiction. The parties also filed supplemental briefs addressing the effect of Barbara Gibbs' filing of bankruptcy, and Nationstar filed a motion to dismiss. We affirm pursuant to Rule 220(b), SCACR.[2]

1.      We hold the circuit court did not err in denying Homeowners' motion to dismiss. *See Toussaint v. Ham*, 292 S.C. 415, 416, 357 S.E.2d 8, 9 (1987) ("A ruling on a 12(b)(6) motion to dismiss must be based solely upon the allegations set forth on the face of the complaint and the motion cannot be sustained if facts alleged and inferences reasonably deducible therefrom would entitle the plaintiff to any relief on any theory of the case."); *Pitts v. Jackson Nat'l Life Ins. Co.*, 352 S.C. 319, 328–29, 574 S.E.2d 502, 506 (Ct. App. 2002) (finding "the circuit court implicitly converted the motions to dismiss into summary judgment motions"). Here, we find there were facts alleged that entitled Nationstar to relief, including service of notice of the right to foreclosure intervention; thus, the circuit court did not err in declining to grant the motion to dismiss.

2.      We hold the circuit court did not err in granting summary judgment. First, Homeowners failed to demonstrate reasons why they needed additional time for discovery. Homeowners had more than five years to pursue discovery. We find Homeowners were afforded a full and fair opportunity to conduct discovery, and summary judgment was not premature. *See* Rule 56(e), SCRCP ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."); *Doe ex rel. Doe*

---

[1] On February 23, 2005, Barbara Gibbs signed a note to borrow $329,600, and executed a mortgage with Bank of America (BOA) that encumbered real property at 4257 Monterey Drive in Florence. The mortgage was assigned to Nationstar on January 3, 2013. To the extent Homeowners argue Nationstar is not a party in interest, we find no merit to the argument. *See Bank of Am., N.A. v. Draper*, 405 S.C. 214, 220, 746 S.E.2d 478, 481 (Ct. App. 2013) ("An assignee stands in the shoes of its assignor.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

*v. Batson*, 345 S.C. 316, 320, 548 S.E.2d 854, 856 (2001) (providing that Rule 56(e) "requires a party opposing summary judgment to come forward with affidavits or other supporting documents demonstrating the existence of a genuine issue for trial"); *Savannah Bank, N.A. v. Stalliard*, 400 S.C. 246, 253, 734 S.E.2d 161, 165 (2012) (finding Appellant "had ample time during discovery to uncover evidence and speak with any potential witnesses . . . [and i]f Appellant believed he did not have sufficient time, Appellant should have promptly filed a motion seeking additional discovery time"). Second, we affirm the circuit court's grant of summary judgment. Nationstar submitted evidence as to insufficient payments and Homeowners' failure to secure insurance, which constituted Homeowners' default. Although Homeowners argue they provided evidence of payments, we find it was not enough to refute Nationstar's proof of default. *See Schmidt v. Courtney*, 357 S.C. 310, 317, 592 S.E.2d 326, 331 (Ct. App. 2003) ("Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponent's case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings."); *id.* (requiring the non-moving party to "come forward with specific facts showing there is a genuine issue for trial"); *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013) ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine."). Last, we find no error by the circuit court regarding Homeowners' demand for a jury trial. *See Lester v. Dawson*, 327 S.C. 263, 267, 491 S.E.2d 240, 242 (1997) ("[T]he relevant question in determining the right to trial by jury is whether an action is legal or equitable; there is no right to trial by jury for equitable actions."); *Wachovia Bank, Nat'l Ass'n v. Blackburn*, 407 S.C. 321, 328, 755 S.E.2d 437, 441 (2014) (finding a foreclosure action arises in equity); *S.C. Cmty. Bank v. Salon Proz, LLC*, 420 S.C. 89, 96, 800 S.E.2d 488, 491–92 (Ct. App. 2017) (explaining a party in an equitable action must raise counterclaims that are legal and compulsory to be entitled to a jury trial). To the extent Homeowners raise a counterclaim, we find it is not compulsory. *See Mullinax v. Bates*, 317 S.C. 394, 396, 453 S.E.2d 894, 895 (1995) (stating the test for determining if a counterclaim is compulsory is whether there is a logical relationship between the claim and the counterclaim).

3.      We hold the circuit court did not err in exercising jurisdiction. The case was originally filed in the proper county, Florence County, which is where the property is located. The case was transferred to Horry County after Homeowners sued the Florence County special referee and the referee recused himself. The Horry County master-in-equity recused herself after Homeowners sued her. The Horry County Court of Common Pleas issued an order granting Nationstar's motion to change venue to Florence County. We find the Florence County Court of

Common Pleas had jurisdiction to hear the case.  *See* S.C. Code Ann. § 15-7-10 (Supp. 2021) (providing actions for the foreclosure of a mortgage of real property "must be tried in the county in which the subject of the action or some part of the property is situated, subject to the power of the court to change the place of trial in certain cases"); S.C. Code Ann. § 15-7-100(A) (Supp. 2021) ("The court may change the place of trial if: . . . (2) there is reason to believe that a fair and impartial trial cannot be had there . . . ."); *Patel v. Patel*, 359 S.C. 515, 524, 599 S.E.2d 114, 118 (2004) (explaining a judge should disqualify himself if "his impartiality might reasonably be questioned"); *Ness v. Eckerd Corp.*, 350 S.C. 399, 404, 566 S.E.2d 193, 196 (Ct. App. 2002) ("The decision to recuse is within the discretion of the trial judge.").

4.      We deny Nationstar's motion to dismiss.  In its motion to dismiss, Nationstar argues Barbara Gibbs is judicially and equitably estopped from asserting she never missed a payment because her bankruptcy[3] records indicate she conceded the existence of the arrearage and they expressly provide for repayment of the debt.  *See Cothran v. Brown*, 357 S.C. 210, 215, 592 S.E.2d 629, 631 (2004) (explaining the purpose of judicial estoppel "is to ensure the integrity of the judicial process"); *Strickland v. Strickland*, 375 S.C. 76, 85, 650 S.E.2d 465, 471 (2007) ("[E]quitable estoppel focuses on a party's detrimental reliance on another party's conduct . . . .").  We find no threat to the integrity of the judicial process and no detrimental reliance by Nationstar.

**AFFIRMED.**[4]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[3] The bankruptcy court has been informed of this appeal and issued an order lifting the automatic stay of this appeal.

[4] During the pendency of this appeal, Homeowners filed a petition with the Supreme Court of South Carolina.  By order dated August 11, 2022, our supreme court denied the petition.  *See M. Eugene Gibbs, Esq.*, *and Barbara A. Gibbs v. James E. Lockemy*, *in their official capacity as Chief Judge Court of Appeals and Judge Thomas E. Huff*, *Judge H. Bruce Williams*, *Judge Paula H. Thomas*, *Judge Aphrodite K. Konduros*, *Judge John D. Geathers*, *Judge Stephanie P. McDonald*, *Judge D. Garrison Hill*, *Judge Blake A. Hewitt*, "Emergency" Petition for Writ of Mandamus and/or in the alternative for Writ of Certiorari, received November 3, 2021.  Appellate Case No. 2021-001282.