**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Community Bank, Respondent,

v.

Salon Proz, LLC, Columbia Empowerment Zone, Inc. d/b/a The Columbia Empowerment Zone and Frank Mitchell, Defendants,

Of Which Salon Proz, LLC is the Appellant.

Appellate Case No. 2022-000704

———————

Appeal From Richland County
Donald B. Hocker, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-009
Submitted September 2, 2025 – Filed January 14, 2026

———————

**AFFIRMED**

———————

Andrew Sims Radeker, of Radeker Law, P.A., of Columbia, for Appellant.

Jonathan Mark Knicely, of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Respondent.

———————

**PER CURIAM:** This case arises out of a foreclosure action by South Carolina Community Bank (SCCB) against Salon Proz, LLC. Salon Proz appeals the orders of the trial court sanctioning it for willful failure to comply with two previous court orders and granting SCCB's motion to strike Salon Proz's counterclaims. We affirm.

**FACTS/PROCEDURAL HISTORY**

Yvonne Jones, the sole partner of Salon Proz, signed a note and mortgage agreement with SCCB in 2009 for the subject property at 2901 Two Notch Road in Columbia. Upon default in 2011, SCCB filed an action for foreclosure on the property. In 2020, the trial court appointed a receiver, Christopher Twitty (Receiver), to take charge of the real property, collect rents, maintain keys, and perform all attendant tasks of property management (Receivership Order).[1] Alleging that Salon Proz failed to comply with the Receivership Order, SCCB filed a rule to show cause in March 2021. Thirteen days later, Salon Proz filed for bankruptcy, and the trial court briefly stayed the foreclosure action for about five months. Thereafter, in ruling on SCCB's rule to show cause in November 2021, the trial court found SCCB had repeatedly asked Salon Proz to comply with the Receivership Order to no avail. The trial court gave Salon Proz an additional thirty days to follow the directives in the Receivership Order, and the trial court held in abeyance its rulings on the Receiver's fees and attorneys' fees (Rule to Show Cause Order).

A month later, SCCB filed a motion to enforce the trial court's prior orders for contempt and to strike Salon Proz's counterclaims. At a hearing on the motion, the pastor of Midtown Fellowship Church, a tenant of Salon Proz, testified that Jones contacted him after the Receivership Order directing him to pay rent to her. He stated Jones expressed concern about the utilities being turned off if the rent was not paid directly to her. The Receiver testified Jones would not give the utility companies permission to change the utility bills into the Receiver's name so that he could pay the bills. He eventually was able to pay the bills once he presented the utility companies with the Receivership Order. The Receiver stated Jones collected rent from multiple tenants in contravention of the Receivership Order. He said Jones failed to provide "keys, books, records, rental proceeds, bank accounts, funds, deposits, and other tangible items regarding the property" after the Receivership Order was issued. The Receiver further noted he had not been able to

---

[1] The Receivership Order was not appealed.

collect rent from multiple tenants because he had not been provided with the rental agreements to determine who the tenants were.

The trial court questioned Jones, noting she was "dancing around" the court's questions. When asked whether she had complied with the Receivership Order, Jones stated:

> That rent paid by the church went to The Event Hall LLC, not, how can I explain it. I'm the owner of The Event Hall, LLC and I pay rent to Salon Proz. The pastor, they are a sublease, and they pay The Event Hall, I guess that's the best way I can explain it. I paid [the Receiver] rent, The Event Hall, LLC, I'm the owner of The Event Hall and I pay him rent.

Jones stated she gave the Receiver a master key to the building housing Salon Proz and The Event Hall.

The trial court found the Receiver's testimony supported SCCB's allegations and specifically found Jones's testimony was not credible except for her statement that she did collect some rent. The trial court found Jones and Salon Proz willfully failed to comply with the Receivership Order and the trial court's November 2021 order. As sanctions, the trial court ordered Salon Proz to pay attorney's fees/costs of $8,531.57 and receiver fees of $10,292.00.

The trial court referred the case to the master-in-equity and ordered that all rent payments should be paid to the Receiver with "no interference by [Salon Proz and Jones]." The trial court ordered Salon Proz and Jones to return any rents collected after the hearing to the Receiver (March 22 Order).

In a separate order, the trial court outlined its contempt powers and struck Salon Proz's counterclaims against SCCB, finding Salon Proz and Jones willfully failed to comply with the trial court's prior orders (March 29 Order). The trial court found the "case has been pending for nearly 11 years and no mortgage payments have been made in that time. [Salon Proz] has had ample opportunity to comply with this court's orders." Salon Proz appealed the March 22 Order and the March 29 Order.

**ISSUE ON APPEAL**

Did the trial court err in finding Jones in contempt and ordering sanctions?

**STANDARD OF REVIEW**

"An action to foreclose a real estate mortgage . . . lies in equity." *Allendale Cnty. Bank v. Cadle*, 348 S.C. 367, 372, 559 S.E.2d 342, 345 (Ct. App. 2001). "Thus, this Court has jurisdiction to determine the facts in accordance with our own view of the preponderance of the evidence." *Id.*

**LAW/ANALYSIS**

**I.  JURISDICTION**

Salon Proz argues the trial court lacked "personal jurisdiction" over Jones, The Event Hall, and Office Suites, "regardless of what the [Receivership Order] stated." This argument is misplaced and without merit.[2] Jones filed an answer, appeared in court, and defended the case without raising an objection to personal jurisdiction. *See Ex Parte Cannon*, 385 S.C. 643, 658, 685 S.E.2d 814, 822 (Ct. App. 2009) ("A defendant may waive any complaints he may have regarding personal jurisdiction by failing to object to the lack of personal jurisdiction and by appearing to defend his case." (quoting *State v. Dudley*, 354 S.C. 514, 542, 581 S.E.2d 171, 186 (Ct. App. 2003))).

Further, the Receivership Order was not appealed and is the law of the case. *See Cooper Tire & Rubber Co. v. Perry*, 261 S.C. 538, 542, 201 S.E.2d 245, 247 (1973) (holding previous orders, which were not appealed, became the law of the case). Jones signed the note and mortgage agreement with SCCB and is therefore a party to the foreclosure action, and subject to the Receivership Order. Neither Salon Proz, Jones, nor any tenant of the subject property may disregard the Receivership Order. The Receivership Order states the Receiver shall

---

[2]  Jones is a resident of South Carolina. Even if her residency was in question, the trial court had personal jurisdiction over Jones under South Carolina Code Ann. Section 36-2-802 (2003), which states "[a] court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, doing business, or maintaining his or its principal place of business in, this State as to any cause of action."

take charge of the real property, which is subject of this
action and to collect rent, debts, and any fees pertaining
to the property.  The Receiver is to take charge of the
property including the building used for a hair and nail
salon.  The Receiver will maintain all keys, books,
records, indices, rental proceeds, bank accounts, funds,
deposits, and other tangible items or documents
involving the property.

The Receivership Order vests the Receiver with responsibility and receivership for
the entire subject property, without regard to entity names.  Therefore, the trial
court had jurisdiction over Jones and all entities at the subject property.

Further, South Carolina law allows courts to disregard separate entity status when
there is evidence, as here, of "bad faith, abuse, fraud, wrongdoing, or injustice
resulting from the blurring of the entities' legal distinctions." *Pertuis v. Front Roe
Restaurants, Inc.*, 423 S.C. 640, 655, 817 S.E.2d 273, 281 (2018).  The record
reflects Jones is the sole partner of Salon Proz, The Event Hall, LLC, and The
Office Suites, LLC, and those entities are at the subject property.  Jones told the
trial court that she did not have any bank accounts for Salon Proz, yet she claims
she paid expenses for the subject property.  Jones stated she was ordered to close
the Salon Proz bank account in bankruptcy, but the record reflects Jones wrote a
check from the Salon Proz bank account in 2022, after bankruptcy proceedings
ended.  Along with the trial court's specific finding that Jones's testimony was not
credible, we believe the record shows sufficient evidence of Jones's "abuse of the
corporate form to warrant disregarding the distinct corporate entities and treating
the businesses as a single enterprise." *Id.* at 654, 817 S.E.2d at 280.

## II. CONTEMPT AND SANCTIONS

Salon Proz argues there was no procedural or factual basis for the trial court's
finding of contempt and imposition of sanctions.  We disagree.  "All courts have
the inherent power to punish for contempt, which 'is essential to the preservation of
order in judicial proceedings, and to the enforcement of the judgments, orders and
writs of the courts, and consequently to the due administration of justice.'"
*Cannon*, 385 S.C. at 660, 685 S.E.2d at 824 (quoting *Miller v. Miller*, 375 S.C.
443, 453, 652 S.E.2d 754, 759 (Ct. App. 2007)).  "It is well settled that contempt
results from willful disobedience of a court order; and before a person may be held
in contempt, the record must be clear and specific as to acts or conduct upon which
the contempt is based." *Cheap-O's Truck Stop, Inc. v. Cloyd*, 350 S.C. 596, 607,

567 S.E.2d 514, 519 (Ct. App. 2002) (quoting *State v. Bevilacqua*, 316 S.C. 122, 129, 447 S.E.2d 213, 217 (Ct. App. 1994)).

"A decision on contempt rests within the sound discretion of the [circuit] court." *Cannon*, 385 S.C. at 660, 685 S.E.2d at 823 (alteration in original) (quoting *Floyd v. Floyd*, 365 S.C. 56, 71, 615 S.E.2d 465, 473 (Ct. App. 2005)). "On appeal, this Court should reverse the contempt decision only if it is without evidentiary support or the circuit court abused its discretion." *Id.* Further, "[t]he decision of whether to impose sanctions is generally entrusted to the sound discretion of the trial court." *Rickerson v. Karl*, 412 S.C. 215, 219, 770 S.E.2d 767, 770 (Ct. App. 2015).

The record shows that SCCB filed a Rule to Show Cause in March 2021, and the trial court referenced the Rule to Show Cause at the hearing for the March 22 Order and March 29 Order and in its November 2021 order. In the Petition, SCCB asked that Salon Proz be ordered to immediately comply with the Receivership Order, be held in willful contempt, to pay attorneys' fees, and further relief as deemed proper by the trial court. A verification accompanied the Petition. Salon Proz argues "the procedural requirements for contempt proceedings have not been met." However, it is clear from the record that the trial court was considering SCCB's properly filed Rule to Show Cause through multiple hearings.

We find the trial court's decision was within its discretion and supported by the evidence. It is clear from the record that Jones willfully disregarded multiple court orders and attempted to circumvent the Receivership Order by using multiple entity names. The Receiver's testimony and affidavit show Jones refused to comply not only with the Receivership Order, but with the Rule to Show Cause Order, which gave her an extra month to follow the Receivership Order. The Rule to Show Cause Order also held in abeyance the trial court's decision whether to order Salon Proz to pay attorneys' fees and Receiver fees. Upon Salon Proz's further refusal to comply, we find the trial court's ultimate decision to order Salon Proz to pay those fees was not an abuse of discretion. *See Cannon*, 385 S.C. at 667, 685 S.E.2d at 827 ("The award of attorneys' fees is not a punishment but an indemnification to the party bringing the action.")

Salon Proz argues the trial court's decision to strike its pleadings was made "without supporting findings and without support in the record." It argues its noncompliance with the previous trial court orders "would not have affected SCCB's ability to defend against the counterclaims in any way." Salon Proz notes that its failure to make mortgage payments is not a permissible basis for sanctions.

Punishment for civil contempt "is remedial and for the benefit of the complainant." *Cannon*, 385 S.C. at 662, 685 S.E.2d at 824. "Any component of a sanction must be directly related to the contemptuous conduct and the loss incurred by the offended party." *Cheap-O's*, 350 S.C. at 609, 567 S.E.2d at 520.

We find the trial court's decision to strike Salon Proz's counterclaims is supported by the record. The Receivership Order noted that part of the basis for the appointment of a Receiver was that SCCB had shown "the property is in danger of being lost or materially injured or impaired." The Receivership Order found "the risk of losing the property based upon Salon Proz failing to make payments under the Note constitutes an immediate injury" requiring the appointment of a Receiver. The March 29 Order noted that Salon Proz's failure to comply with all previous orders prejudiced SCCB by "hindering its fundamental ability to defend against counterclaims" and causing it to expend substantial resources to obtain Salon Proz's compliance. In light of Salon Proz's continued disobedience of the orders and SCCB's continued attempts to obtain Salon Proz's compliance with the orders, we hold the trial court's decision to strike Salon Proz's pleadings was within its discretion. *See Rickerson*, 412 S.C. at 219–20, 770 S.E.2d at 770 ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000))).

## III. REFERRAL TO MASTER-IN-EQUITY

Salon Proz further argues the trial court erred in referring this matter to the master-in-equity. We find the referral was wholly proper. Rule 53(b), South Carolina Rules of Civil Procedure, states in relevant part "[i]n an action . . . for foreclosure, some or all of the causes of action in a case may be referred to a master or special referee by order of a circuit judge . . . ." "Because a foreclosure action is one sounding in equity, a party is not entitled, as a matter of right, to a jury trial." *S.C. Cmty. Bank v. Salon Proz, LLC*, 420 S.C. 89, 96, 800 S.E.2d 488, 491–92 (Ct. App. 2017), *abrogated on other grounds by Deutsche Bank Nat'l Tr. Co. v. Estate of Houck*, 440 S.C. 409, 412, 892 S.E.2d 280, 282 (2023). Because we find the trial court did not err in striking Salon Proz's counterclaims, the referral to the master-in-equity was not error.[3]

---

[3] Salon Proz refers to a previous opinion in this case, *S.C. Community Bank v. Salon Proz, LLC*, which found Salon Proz was entitled to a jury trial on one of its counterclaims. 420 S.C. at 98, 800 S.E.2d at 492. Because a master-in equity does

While Salon Proz argues the trial court erred by not terminating the Receivership, this issue is not properly before us. Salon Proz stated to the trial court "if anything, we'd move to terminate their receivership." The trial court did not respond to Salon Proz's statement. Regardless, Salon Proz states in its Reply Brief that it has formally moved in circuit court to terminate the receivership "based on events that had not yet occurred at the time of the last hearing that produced the orders appealed here." According to Salon Proz's statement, even if we were to attempt to consider its motion, we would not have the pertinent information. Therefore, we will not consider this issue. *See* Rule 205, SCACR ("Nothing in these Rules shall prohibit the lower court . . . from proceeding with matters not affected by the appeal."); *cf. Ex parte Wilson*, 367 S.C. 7, 12, 625 S.E.2d 205, 208 (2005) ("Any judgment or decree, leaving some further act to be done by the court before the rights of the parties are determined, is interlocutory and not final.").

**AFFIRMED.**[4]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

not conduct jury trials, Salon Proz asserts error in the referral here. However, that opinion was issued well before the trial court struck the counterclaims.
[4] We decide this case without oral argument pursuant to Rule 215, SCACR.